IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Shenzhen Xiyou Network Technology Co., Ltd.

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS IDENTIFIED ON
SCHEDULE A,

    Defendants.

Case No.: 1:25-cv-13916

## Complaint

Plaintiff Shenzhen Xiyou Network Technology Co., Ltd. ("Plaintiff"), by and through its undersigned counsel, brings this action against the Individuals, Partnerships and Unincorporated Associations identified on Schedule A ("Defendants"), and alleges as follows:

### Introduction

1.    This is an action to combat Defendants' willful trademark infringement and counterfeiting. Defendants are foreign business entities or individuals, believed to be based primarily in the People's Republic of China, and trade upon Plaintiff's goodwill and trademark rights by using in commerce counterfeit reproductions of Plaintiff's federally registered trademark (the "Plaintiff Mark") in connection with the advertising and offering for sale―and, upon information and belief, sale―of unauthorized goods (the "Accused Goods"). A true and correct copy of the registration certificate will be filed as Exhibit 1.

2.    Defendants operate fully interactive online stores (the "Defendant Online Stores") that use the Plaintiff Mark in online listings for Accused Goods. Each Defendant markets and accepts or is capable of accepting orders for Accused Goods to customers in the United States,

1

including Illinois, by allowing Illinois addresses at checkout and accepting payment in U.S. dollars through PayPal.

3. Defendants have not been licensed or authorized to use the Plaintiff Mark. Defendants' use of the Plaintiff Mark is very likely to mislead consumers and capitalizes on Plaintiff's trademark rights.

4. Upon information and belief, Plaintiff has been and continues to be irreparably harmed by Defendants' actions, which cause consumer confusion, and injury to goodwill and loss of control over the Plaintiff Mark. Plaintiff accordingly seeks temporary, preliminary, and permanent injunctive relief directed at the Defendant Online Stores (including disabling or de-indexing infringing listings and stores), as well as monetary remedies authorized by the Lanham Act. As alleged below, Defendants frequently use aliases, incomplete or inaccurate addresses, and third-party payment intermediaries to receive proceeds and quickly transfer funds offshore, further supporting the need for prompt injunctive relief.

**Jurisdiction and Venue**

5. This Court has original subject matter jurisdiction over the claims in this action pursuant to 15 U.S.C. § 1121 (actions arising under the Trademark Act) and 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391. The Court may exercise personal jurisdiction over each Defendant, because each Defendant purposefully directs its business activities to Illinois. In particular, each Defendant operates a fully interactive online store that purposefully directs Illinois consumers: during checkout, the store allows customers to select Chicago, Illinois as a shipping destination and accepts payment in U.S. dollars. Upon information and belief, Defendants have offered to sell and/or sold Accused Goods to consumers

in Illinois, including in this District. Accordingly, personal jurisdiction over Defendants is proper in Illinois.

### The Plaintiff

7. Plaintiff is a company that specializes in the design, marketing, and sale of consumer products, including LED lighting products (collectively, "Plaintiff's Products"). Plaintiff's Products are offered under the Plaintiff Mark. The Plaintiff Mark functions as a source identifier, signifying that the products originate with Plaintiff or its authorized partners.

8. The Plaintiff Mark is registered on the Principal Register (Ex. 1). The registration is valid, subsisting, and in full force and effect and, under 15 U.S.C. § 1057(b), constitutes *prima facie* evidence of the mark's validity.

9. By written agreement (the "License"), Plaintiff holds an exclusive license to use the Plaintiff Mark in the United States for the goods relevant here, together with the exclusive right to enforce the mark, including the right to bring suit and recover damages for infringement. The License remains in effect.

10. Plaintiff has not authorized Defendants to manufacture, import, advertise, distribute, or sell any goods using the Plaintiff Mark. Plaintiff polices and enforces the Plaintiff Mark and maintains control over authorized use.

### The Defendants And Defendants' Unlawful Conduct

11. Defendants are each business entities or individuals that operate online stores that advertise and sell Accused Goods.

12. On information and belief, all Defendants are foreign, primarily China-based operators of online stores identified on Schedule A. Defendants use domain names, store names, and contact information that may be incomplete, inconsistent, or fictitious, including aliases and

inaccurate or partial street addresses, in order to conceal their identities. Each Defendant's online store is publicly accessible and conducts commercial transactions with consumers in the United States, including this District. On information and belief, Defendants rely on e-mail addresses and electronic contact forms published on the Defendant Online Stores as their primary means of communicating with customers.

13. All Defendants are identified in Schedule A by the domain names and/or store names they use in their commercial operations. Where a Defendant's store name differs from the associated domain name, Plaintiff identifies that online alias on Schedule A. Upon information and belief, each Defendant is owned and operated by persons who are aware of Plaintiff's trademark rights and who actively participated in the wrongful acts alleged herein.

14. Plaintiff has identified infringing online stores operated by Defendants that advertise and offer for sale — and, upon information and belief, sell — Accused Goods to consumers in this Judicial District and throughout the United States, while displaying the Plaintiff Mark in connection with those goods.

15. Upon information and belief, Defendants design and maintain their online stores to appear as if they are selling genuine Plaintiff's Products. Their stores accept payment in U.S. dollars and online payment services such as PayPal, and for the Accused Goods, Defendants' listings use the Plaintiff Mark and, in several instances, product images and descriptions that are identical or substantially similar to those used by Plaintiff for its genuine products. These uses are likely to cause confusion among ordinary consumers. Upon information and belief, Defendants knowingly deceive consumers by using the Plaintiff Mark without permission to attract consumers searching for genuine Plaintiff's Products.

**16.** Across different Defendant Online Stores, the Accused Goods share identical or nearly identical product photographs, descriptions, and pricing, and multiple Defendant Online Stores list the same customer-service e-mail address and similar or identical Chinese business/mailing addresses in their contact information (regardless of whether those addresses are accurate). These shared characteristics indicate that Defendants' operations are coordinated and arise out of the same transaction, occurrence, or series of transactions or occurrences, and that Defendants are acting in concert or under common control as part of a single counterfeiting enterprise.

**17.** Plaintiff asserts that joinder of Defendants in this single action is proper pursuant to Fed. R. Civ. P. 20(a)(2). Defendants' conduct arises out of the same series of transactions or occurrences — namely, a coordinated scheme to advertise and offer for sale LED lighting products using the Plaintiff Mark through the Defendant Online Stores—and common questions of law and fact predominate, including whether Defendants' use is infringing and willful and what injunctive and monetary relief is appropriate.

**18.** Online counterfeiters such as Defendants frequently use aliases and inaccurate or incomplete physical addresses, rely on third-party payment intermediaries (e.g., PayPal) to receive U.S.-dollar proceeds, and rapidly transfer those proceeds to overseas accounts or wallets. These practices make traditional post-judgment remedies ineffective and underscore the need for prompt injunctive relief to preserve the status quo.

**19.** Through this action, Plaintiff seeks temporary, preliminary, and permanent injunctive relief to stop Defendants' unauthorized use of the Plaintiff Mark and counterfeit reproductions thereof and to prevent further infringing sales via their online stores, together with appropriate equitable and monetary relief under the Lanham Act.

**20.** Defendants deliberately design and operate the Defendant Online Stores to mislead consumers into believing that they are purchasing genuine Plaintiff's Products, or products that are associated with, authorized by, or sponsored by Plaintiff, when they are not. Defendants' unauthorized use of the Plaintiff Mark in online listings and offers for sale of Accused Goods is likely to cause confusion, mistake, and deception as to the source, affiliation, and sponsorship of the Accused Goods. Defendants' activities have irreparably harmed Plaintiff's reputation and the goodwill embodied in the Plaintiff Mark.

**21.** Plaintiff has not authorized Defendants to use the Plaintiff Mark. Defendants' use of the Plaintiff Mark is willful, in that Defendants knew or should have known that their conduct infringes Plaintiff's rights yet have persisted in their infringing activities.

**22.** Plaintiff has no adequate remedy at law. Defendants' use of counterfeit reproductions of the Plaintiff Mark in connection with the Accused Goods is causing, and threatens to continue causing, irreparable harm, including loss of control over the mark and injury to goodwill; irreparable harm is presumed upon a merits finding under 15 U.S.C. § 1116(a).

**23.** As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered and, absent injunctive relief, will continue to suffer injuries including diverted sales, loss of goodwill, and damage to the integrity of the Plaintiff Mark. Plaintiff is entitled to injunctive relief and to monetary remedies under 15 U.S.C. § 1117, including Defendants' profits, Plaintiff's damages, and, in the alternative, statutory damages for willful counterfeiting under § 1117(c), as well as enhanced remedies and attorneys' fees as permitted by § 1117(b)–(c).

**Count I: Trademark Infringement and Counterfeiting (15 U.S.C. § 1114)**

24. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 23 above as if fully set forth herein.

25. Without Plaintiff's consent, Defendants have used in commerce counterfeit reproductions of the Plaintiff Mark in connection with the advertising, and offering for sale and, upon information and belief, sale of the Accused Goods via online stores.

26. The marks Defendants use are identical with, or substantially indistinguishable from, the Plaintiff Mark and are used on or in connection with the same types of goods for which the Plaintiff Mark is registered (i.e., LED lighting products), without authorization. See 15 U.S.C. § 1116(d)(1)(B).

27. Defendants' unauthorized use of counterfeit reproductions of the Plaintiff Mark is likely to cause confusion, mistake, or deception among consumers as to the source, sponsorship, approval, or affiliation of the Accused Goods, leading consumers to believe they are associated with or approved by Plaintiff when they are not.

28. Defendants knew of, or were willfully blind to, Plaintiff's rights in the Plaintiff Mark and nevertheless used counterfeit reproductions to trade on Plaintiff's goodwill. Defendants' infringement and counterfeiting are willful.

29. The foregoing conduct constitutes trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a).

30. Plaintiff has no adequate remedy at law. Defendants' use of counterfeit reproductions of the Plaintiff Mark in connection with the Accused Goods is causing, and threatens to continue causing, irreparable harm, including loss of control over the mark and injury to goodwill; irreparable harm is presumed upon a merits finding under 15 U.S.C. § 1116(a).

31. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered and, absent injunctive relief, will continue to suffer injuries including diverted sales, loss of goodwill, and damage to the integrity of the Plaintiff Mark. Plaintiff is entitled to injunctive relief and to monetary remedies under 15 U.S.C. § 1117, including Defendants' profits, Plaintiff's damages, and, in the alternative, statutory damages for willful counterfeiting under § 1117(c), as well as enhanced remedies and attorneys' fees as permitted by § 1117(b)–(c).

**Count II: False Designation of Origin and Unfair Competition (15 U.S.C. § 1125(a))**

32. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 31 above as if fully set forth herein.

33. Defendants have used in commerce the Plaintiff Mark, and/or marks that are identical or confusingly similar to the Plaintiff Mark, in connection with the promotion, advertising, and offering for sale, and, upon information and belief, sale of the Accused Goods via online stores.

34. By using the Plaintiff Mark in their listings, images, titles, and descriptions for the Accused Goods, Defendants make false designations of origin and false or misleading representations of fact that are likely to lead consumers to believe that Defendants and/or the Accused Goods are affiliated with, connected to, sponsored by, or approved by Plaintiff.

35. Defendants' conduct is likely to cause confusion, mistake, or deception among ordinary purchasers as to the origin, sponsorship, approval, or affiliation of the Accused Goods, in violation of 15 U.S.C. § 1125(a)(1)(A).

36. Defendants' false designations and misleading representations are willful. Defendants knew, or were willfully blind to, Plaintiff's rights and used the Plaintiff Mark

without authorization to trade on Plaintiff's goodwill and to pass off Accused Goods as associated with Plaintiff.

37. Defendants' actions are likely to cause—and, unless enjoined, will continue to cause—consumer confusion and have injured Plaintiff through diverted sales and harm to goodwill associated with the Plaintiff Mark. Plaintiff has no adequate remedy at law; irreparable harm is presumed upon a merits finding under 15 U.S.C. § 1116(a). Plaintiff is entitled to injunctive relief and to monetary remedies under 15 U.S.C. § 1117, including Defendants' profits, Plaintiff's damages, and costs.

## Prayer for Relief

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in concert with them, be temporarily, preliminarily, and permanently enjoined and restrained from:

a. using the Plaintiff Mark, or any reproductions, counterfeit copies, or colorable imitations thereof, in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Plaintiff's Product or is not authorized by Plaintiff to be sold in connection with the Plaintiff Mark;

b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Plaintiff's Product or any other product produced by Plaintiff that is not Plaintiff's, or is not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Plaintiff Mark;

c. committing any acts calculated to cause consumers to believe that Defendants' Accused Goods are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

d. further infringing the Plaintiff Mark and damaging Plaintiff's goodwill; and

e. manufacturing, shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks, including the Plaintiff Mark, or any reproductions, counterfeit copies, or colorable imitations thereof.

2) Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including, without limitation, any domain-name registries and registrars, web-hosting providers, online payment processors (such as PayPal), credit card companies, banks, merchant account providers, third-party processors and other payment processing service providers, and Internet search engines (such as Google, Bing, and Yahoo) (collectively, "Third Party Providers") shall:

a. disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of goods using the Plaintiff Mark;

b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the Plaintiff Mark; and

c. take all steps necessary to prevent links to the Defendant Online Stores identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Online Stores from any search index.

3) That Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the Plaintiff Mark be increased by a sum not exceeding three times the amount thereof, as provided by 15 U.S.C. § 1117.

4) In the alternative to actual damages and profits, that Plaintiff be awarded statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c)(2), up to $2,000,000 per counterfeit mark, per type of goods, per Defendant.

5) That Plaintiff be awarded its reasonable attorneys' fees and costs.

6) That, pursuant to Fed. R. Civ. P. 69(a), Plaintiff be permitted to conduct post-judgment discovery of Defendants and third parties to identify assets, accounts, receivables, and online stores, domain names, and any marketplace storefronts or seller IDs used in connection with the infringing sales; that within fourteen (14) days after entry of judgment, each Defendant be ordered to serve a sworn accounting identifying: (a) all bank and payment-processor accounts; (b) all online storefronts and seller IDs (including any used during the period of infringement); and (c) gross revenues and profits from sales of products bearing the Plaintiff Mark; and that the Court retain jurisdiction to enforce the judgment, including by proceedings under 735 ILCS 5/2-1402 and Illinois Supreme Court Rule 277 (citations to discover assets, garnishment, and turnover).

7) That Plaintiff be awarded post-judgment interest as permitted by law and any and all other relief that this Court deems just and proper.

Dated: November 13, 2025                                              Respectfully submitted,

                                                                     /s/ *Qin Zhuang*
                                                                     Qin Zhuang

        Building 2, Unit 1, Room 507
        5 Chaoyang Road, Chaoyang
        Beijing, PRC 100022
        0086-155-1009-0593
        zhuangqin@yuntinglaw.com
        ***Counsel for Plaintiff***